# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERIC ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS AND STATE |
| CITY OF CHICAGO POLICE OFFICER ) | SUPPLEMENTAL CLAIMS |
| LLOYD MOCK, and the CITY OF ) | |
| CHICAGO, ) | **JURY DEMANDED** |
| ) | |
| Defendants. ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Eric Armstrong was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, City of Chicago Police Officer Lloyd Mock ("Mock"), was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

6. On or about March 19, 2018, Plaintiff was near the location of 3737 West Chicago Avenue, in the City of Chicago, Cook County, State of Illinois.

7. Plaintiff was on foot in an alleyway next to 3737 West Chicago Avenue.

8. On that day and place Mock was driving a Chicago Police Department vehicle.

9. In the process of following Plaintiff in the alleyway, Mock used force against Plaintiff when he drove over the Plaintiff's legs with his Chicago Police Department vehicle.

10. There was no legal cause for Mock to use force against Plaintiff.

11. After running over Plaintiff's legs with his vehicle, Mock seized the Plaintiff.

12. Plaintiff did not consent to being seized.

13. There was no legal cause to seize Plaintiff.

14. After seizing Plaintiff, Mock charged Plaintiff with the crime of soliciting unlawful business.

15. The criminal charge of soliciting unlawful business against Plaintiff was dismissed in Plaintiff's favor in a manner indicative of innocence.

16. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

17. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the

awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

18. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against Mock for EXCESSIVE FORCE

19. Plaintiff hereby incorporates and realleges paragraphs one (1) through eighteen (18) hereat as though fully set forth at this place.

20. Mock used excessive force against Plaintiff's person when he ran over Plaintiff's legs with a Chicago Police Department vehicle.

21. There was no legal cause for Mock to use force against Plaintiff.

22. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

23. The physical violence inflicted upon Plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff Against the Mock and the City of Chicago For
### The Supplemental Claim Of BATTERY

24. Plaintiff hereby incorporates and realleges paragraphs one (1) through eighteen (18) hereat as though fully alleged at this place.

3

25. Mock, without any legal cause, used force against Plaintiff's person when he ran over Plaintiff's legs with a Chicago Police Department vehicle.

26. The use of force by Mock against Plaintiff's person constituted a battery to Plaintiff.

27. As a result of the battery, Plaintiff was injured physically, emotionally, and otherwise.

28. The City of Chicago is liable to plaintiff for the acts of Mock pursuant to the doctrine of *respondeat superior.*

29. Therefore, Mock and the City of Chicago are liable under the supplemental state law claim of Battery.

## COUNT III
### Plaintiff Against Mock for
### UNREASONABLE SEIZURE

30. Plaintiff hereby incorporates and realleges paragraphs one (1) through eighteen (18) hereat as though fully set forth at this place.

31. By reason of the conduct by Mock, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

32. The arbitrary intrusion by Defendant into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendant violated the Plaintiff's rights in the following manner: the seizure of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

4

## COUNT IV
### Plaintiff Against Mock and the City of Chicago for the Supplemental Claim of MALICIOUS PROSECUTION

33. Plaintiff incorporates and realleges paragraphs one (1) through eighteen (18) hereat as though fully set forth at this place.

34. On March 19, 2018, Mock caused a criminal prosecution to commence against Plaintiff.

35. Mock, a police officer employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

36. Mock initiated, facilitated, and/or continued these malicious prosecutions by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, and/or by preparing false witness statements.

37. The criminal proceedings terminated in the Plaintiff's favor in a manner indicative of innocence.

38. The City of Chicago is liable to Plaintiff for the acts of Mock pursuant to the doctrine of *respondeat superior*.

39. Therefore, Mock and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                                       BY:     s/ Jonathan R. Ksiazek
                                                      Jonathan R. Ksiazek
                                                      ED FOX & ASSOCIATES, LTD.
                                                      Attorneys for Plaintiff
                                                      300 West Adams, Suite 330
                                                      Chicago, Illinois 60606
                                                      (312) 345-8877
                                                      jksiazek@efoxlaw.com